[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10073
Non-Argument Calendar
_____

D.C. Docket No. 4:97-cr-00016-CDL-MSH-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR PERRY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 4, 2013)


Before DUBINA, HULL and BLACK, Circuit Judges.

PER CURIAM:

Lamar Perry appeals his 30-month sentence imposed for violating the conditions of his supervised release.  We affirm.[1]

While on probation for various drug offenses, Perry was arrested by Georgia police for possessing cocaine and marijuana.  Perry pleaded guilty in state court and was sentenced to ten years of probation.  Perry's state-law drug offenses admittedly violated the conditions of his federal supervised release and called for a guideline-range sentence of 30 to 37 months.  After a hearing, the district court sentenced Perry to 30 months' imprisonment.

Perry argues his sentence was procedurally and substantively unreasonable.  Perry's arguments lack merit.  First, Perry's sentence was not procedurally unreasonable.  *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 345, 356, 358 (2007).  Even if brief, the district court's explanation of Perry's sentence was nonetheless sufficient.  *See United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (en banc).  The court properly calculated the guideline range, treated the Guidelines as advisory, considered the sentencing factors under 18 U.S.C § 3553(a), and did not rely on clearly erroneous facts.  *See, e.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007).  On this record, Perry has not carried his burden to show procedural unreasonableness.

---

[1] **Error! Main Document Only.**A sentence imposed for revocation of supervised release is reviewed for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  Such a sentence is upheld unless it constitutes an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Second, Perry's 30-month sentence was not substantively unreasonable. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (noting sentencing courts must only acknowledge their consideration of the § 3553(a) factors, but are not required to discuss each of the factors considered). Ordinarily, guideline-range sentences like Perry's are reasonable. *See, e.g.*, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Also, the district court did not improperly weigh § 3553(a)'s sentencing factors in considering the recidivist nature of Perry's state-law drug offenses. *See id.*; *see also* 18 U.S.C. § 3553(a) (noting courts should consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant). Moreover, because the weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court," the court did not err in rejecting Perry's explanations or excuses for his state-law offenses. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). Hence, Perry has not shown his 30-month sentence was substantively unreasonable.

Perry's 30-month sentence for violating the conditions of his supervised release is **AFFIRMED.**